**WO**                                                           NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen S. Merhoff, | No. CIV-04-3014-PHX-SRB |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| John B. Bentz, and Property Advisory Group, Inc., | |
| Defendants. | |

This action involves the allegedly unconstitutional prohibition of all religious activity in the public areas of an apartment building managed by Defendants John B. Bentz and Property Advisory Group, Inc. At issue is Defendants' Motion to Dismiss, filed pursuant to Federal Rule of Procedure 12(b)(6) (Doc. 10).

**I.   BACKGROUND**

The following are the relevant facts contained in Plaintiff Karen S. Merhoff's Amended Complaint: Plaintiff resides at the Westward Ho in Phoenix, Arizona, an apartment building managed by Defendants. Until December 21, 2004, Defendants did not object to Plaintiff's use of the Westward Ho's "public rooms" for "religious activities such as prayer, bible study and religious services." (Am. Compl. ¶ 3.) On that date, Defendants circulated a memo prohibiting all religious activities in the public rooms.

1  On December 28, 2004, Plaintiff, representing herself, filed a complaint in the United
2  States District Court, which she amended on May 6, 2005.  Her Amended Complaint alleges
3  that Defendants' prohibition of religious activity in the public rooms violates her rights to
4  freedom of speech and religion.  On June 28, 2005, Defendants filed a motion to dismiss.
5  Plaintiff's only response to that motion came in the form of a "Request to Proceed," in which
6  Plaintiff explains that while she cannot afford legal counsel, she "believe[s] that [she] ha[s]
7  a case and would like the privilege to be heard by [the Court]."  (Pl.'s Request to Proceed at
8  1.)

## II.     LEGAL STANDARDS AND ANALYSIS

Defendants seek dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Amended Complaint fails to state a claim on which relief can be granted.  A Rule 12(b)(6) dismissal for failure to state a claim can be based on either:  (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether a complaint states a valid claim, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994).  The complaint should not be dismissed unless it appears beyond doubt that there are "no set of facts" that would entitle the plaintiff to relief under the asserted claim.  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 103 (1957); *see also Balistreri,* 901 F.2d at 701.

The Amended Complaint, at this point, fails to state a claim.  Plaintiff has sued a private individual and a private entity for allegedly infringing upon her constitutional rights to freedom of speech and religion.  However, the constitutional amendments upon which

Plaintiff's Amended Complaint apparently[1] relies restrict the *government's* ability to make laws affecting an individual's rights to freedom of speech and religion. There is no such restriction on the behavior of private individuals or private entities. It is possible, however, in certain circumstances to attribute the actions of private individuals and private entities to the government. *See, e.g., Brentwood Acad. v. Tenn. Sch. Athletic Ass'n,* 531 U.S. 288, 121 S. Ct. 924 (2001); *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S. Ct. 2764 (1982); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S. Ct. 2744 (1982); *Lee v. Katz,* 276 F.3d 550 (9th Cir. 2002); *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826 (9th Cir. 1999); *Morse v. North Coast Opportunities, Inc.,* 118 F.3d 1338 (9th Cir. 1997). For a complaint to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain factual allegations that support the conclusion that such an attribution is legally appropriate. *Id.* at 1338.

Defendants argue that the Amended Complaint should be dismissed with prejudice because, given the nature of the relationship between Westward Ho and the federal government, it would be impossible for Plaintiff to make legally sufficient allegations that the actions of the Westward Ho are fairly attributable to the federal government. In particular, Defendants argue that while the Westward Ho receives subsidies from the federal government, and that in exchange for those subsidies, the Westward Ho is subject to certain federal regulations, subsidy and regulation, without more, are not sufficient to transform the actions of private entities into those of the state. While Defendants appear to be correct on that point, it would be premature, given the paucity of allegations in the Amended Complaint, to draw definitive conclusions about the nature of Westward Ho's relationship with the federal government.

---

[1] The Court uses the word "apparently" because the Amended Complaint does not specify the constitutional basis (or bases) for Plaintiff's claim. If Plaintiff wishes to argue that Defendants acted as agents of the federal government in restricting her constitutional rights, then her complaint would appear to allege a First Amendment violation; if Plaintiff believes that Defendants were agents of the State of Arizona, her complaint would appear to allege a violation of the Fourteenth Amendment's Equal Protection Clause.

1    Accordingly, the Court grants Defendants' Motion to Dismiss with leave to amend.
2  If Plaintiff wishes to avoid dismissal of her case, she must amend her complaint to address
3  the issue of whether the actions of Defendants which gave rise to the Amended Complaint
4  are fairly attributable to the government.

5    **IT IS ORDERED** granting Defendants' Motion to Dismiss with leave to amend.
6  (Doc. 10).

7    **IT IS FURTHER ORDERED** that Plaintiff shall file her amended complaint not
8  later than 20 days from the date of this order.  If no amended complaint is filed within 20
9  days, the Clerk is directed to enter judgment dismissing Plaintiff's case.

11   DATED this 24th day of October, 2005.

_____
Susan R. Bolton
United States District Judge